UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PINNACLE INSURANCE SOLUTIONS, LLC d/b/a PINNACLE RISK SOLUTIONS, also d/b/a PINNACLE COMPANIES, <br><br> Plaintiff, <br><br> v. <br><br> HENRY N. KOLBE, WILLIAM GOLDSTEIN, and INTEGRO USA INC., <br><br> Defendants. | Civil Action No. 13-5969 (SDW)(MCA) <br><br> **OPINION** <br><br> March 27, 2014 |

**WIGENTON**, District Judge.

Before the Court is Henry N. Kolbe ("Kolbe"), William Goldstein ("Goldstein"), and Integro USA Inc.'s ("Integro") (collectively "Defendants") Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or Request for Abstention in the alternative.[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' Motion for Abstention is **GRANTED**.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is an insurance brokerage firm based in New Jersey and is owned by Kolbe's brother-in-law, Michael Evan Caradimitropoulo. (Compl. ¶¶ 1, 9, 12.) Kolbe is a former employee of Plaintiff. (Id. ¶ 2.) Integro is a Delaware corporation registered to do business in New Jersey. (Id. ¶ 3.) Goldstein is the Chief Financial Officer of Integro. (Id. ¶ 4.)

---

[1] Also before the Court is Defendants' first Motion to Dismiss the Complaint. In light of Defendants' second Motion to Dismiss which addresses the Amended Complaint, Defendant's first Motion to Dismiss is denied as moot.

1

In May 2004, Kolbe was hired by Plaintiff to work as an insurance broker and was also given the position of in-house counsel. (Id. ¶¶ 12-13.) While working for Plaintiff, Kolbe, *inter alia*, engaged in several communications with Goldstein regarding work-related matters, allegedly shared sensitive information with Goldstein, directed potential clients away from Plaintiff, and impugned Plaintiff's reputation. (Id. ¶¶ 110-18.) On November 13, 2012, Kolbe submitted his letter of resignation to Plaintiff. (Id. ¶ 119.)

On November 14, 2012, Plaintiff filed a Complaint in New Jersey Superior Court, Chancery Division alleging breach of contract and breach of employee duty of loyalty. Additionally, Plaintiff filed an Order to Show Cause for Temporary Restraints enjoining Kolbe from using Pinnacle's client information. The parties were directed to mediate the dispute; however, mediation attempts were unsuccessful. On June 20, 2013, an Order was entered directing Plaintiff to "submit a proposed consent order adding a new defendant on or before July 5, 2013." (Certification of Matthew E. Beck ("Beck. Cert.") ¶ 9, Ex. E.) Plaintiff failed to submit the proposed consent order.

On September 6, 2013, Plaintiff's motion to transfer the case to the Law Division was denied noting that "[t]he case management order of June 20, 2013 directed that an amended complaint (adding a new defendant) be submitted by consent by July 5, 2013. That has not been done." (Beck Cert. ¶ 12, Ex. G.)

On October 8, 2013, Plaintiff filed a Complaint in this Court alleging eleven Counts: (1) misappropriation of trade secrets; (2) violation of the Computer Fraud and Abuse Act ("CFAA"); (3) tortious interference with existing contracts; (4) tortious interference with prospective economic advantage; and (5-7) federal civil Racketeering Influenced and Corrupt Organizations

Act ("RICO") claims; (8-10) New Jersey civil RICO claims; and (11) punitive damages.  (See Compl. ¶¶ 129-228.)

**LEGAL STANDARD**

*Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "'requires a 'showing' rather than a blanket assertion of an entitlement to relief'" (quoting Twombly, 550 U.S. at 555 n.3)).

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'"accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."'  Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2).  Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (third alteration in original) (internal citations omitted) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234 (alterations in original) (quoting Twombly, 550 U.S. at 556).

In Fowler v. UPMC Shadyside, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. Id. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips, 515 F.3d at 234-35).

**DISCUSSION**

Defendants move to dismiss Plaintiff's claims and additionally request that this Court abstain from considering the Complaint pursuant to the Colorado River doctrine. As a threshold matter, the Court will consider Defendants' abstention argument.

4

I.  Abstention

A federal court has a "virtually unflagging obligation" to exercise its jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). However, under Colorado River, a federal court may abstain in the event of "exceptional" circumstances when parallel state proceedings could result in "comprehensive disposition of litigation." See id. at 817-18. Put differently, abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," and may be used "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest," and not "merely because a State court could entertain it." Id. at 813-14 (internal citations omitted).

In determining whether the Colorado River abstention is appropriate, the district court must engage in a two-step inquiry. First, the district court must decide whether the actions are parallel. Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). Next, the district court must determine whether abstention is proper by weighing the six factors set forth in Colorado River and its progeny, as discussed below. Id.; see Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999).

A.  Parallel State and Federal Proceedings

Cases are parallel if they involve the same parties and "substantially identical" claims, raising "nearly identical allegations and issues." Timoney v. Upper Merion Twp., 66 F. App'x 403, 405 (3d Cir. 2003) (quoting Trent v. Dial Med. of Fla., Inc., 33 F.3d 217, 223 (3d Cir. 1994)).

In the instant matter, Plaintiff argues that abstention is not appropriate because the pending state and federal proceedings involve different parties and different claims. (Pl. Opp.

5

32.) Plaintiff contends that the state court action alleges two counts against only Kolbe for breach of contract and breach of the employee duty of loyalty and seeks namely injunctive relief. (Id.) Plaintiff states that the federal court action alleges unauthorized computer access, conspiracy, misappropriation of trade secrets, tortious interference with existing contracts, tortious interference with prospective economic advantage and punitive damages against Kolbe, Goldstein, and Integro. (Id. at 32-33.) Accordingly, Plaintiff argues that the parties and claims in the state and federal proceedings are not identical. (Id.)

Defendants argue that abstention is appropriate because the pending state and federal actions are parallel. (Defs. Br. 25.) Specifically, Defendants contend that despite pleading different causes of action in the state and federal actions, "the underlying allegations and issues are essentially the same – Kolbe's alleged theft of confidential information from Pinnacle and his solicitation of alleged Pinnacle clients." (Id.) Moreover, Defendants point out that as of January 22, 2014, Integro is an intervening party in the state action. (Defs. Reply 2.) The state court, in allowing Integro to intervene, asserted that it would "remove the probability of additional litigation and permit the [c]ourt to resolve those issues within the context of the initial litigation." (Id. at 3 (citing Beck Cert. at ¶ 28).) Further, although Goldstein was sued directly in the federal court proceeding in his corporate capacity only, Defendants note that his employer, Integro, is now an intervening party in the state action. (Id.)

This Court finds that the pending state and federal actions are indeed substantially identical. As the state court has granted leave for Integro to intervene in the state court proceedings, the issues involving Integro and Goldstein—in his official capacity—will be addressed in the state action. Furthermore, although Plaintiff correctly points out that the claims raised in the proceedings are different, the allegations and issues involved are identical. The

6

state court can properly resolve all the claims presented before this Court. See e.g., Active Disposal Serv., Inc. v. Cnty. of Somerset, No. 07-3210, 2009 WL 78149, at *5 (D.N.J. Jan. 9, 2009) ("The cases need not be identical, however, there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case.") (quoting Flint v. A.P. DeSanno & Sons, 234 F. Supp. 2d 506, 510-11 (E.D.Pa. 2002)). In concluding that the proceedings are parallel, it is appropriate for this Court to consider the Colorado River factors.

### B. Colorado River Factors

As guided by the Third Circuit, federal courts determining whether "exceptional circumstances" exist to justify abstention must balance six factors: (1) which court first assumed jurisdiction over property involved, if any; (2) the relative convenience of the fora; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law applies and (6) whether the state court will adequately protect the federal plaintiff's interests. Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999). "No one factor is determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Colorado River, 424 U.S. at 818-19. The factors must be balanced in "a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 14-15 (1983).

Here, the parties and this Court agree that the first two factors are not relevant as this is not an *in rem* action and both the federal and state fora are convenient for all parties. (See Defs. Br. 27; Pl. Opp. 34.)

With respect to the third factor, Defendants argue that avoiding piecemeal litigation weighs strongly in favor of abstention. (Defs. Br. 27.) In support, Defendants note that

abstention would avoid potentially inconsistent decisions and avoid unnecessary duplicative litigation. (Id.) Plaintiff argues that the third factor does not avoid piecemeal litigation unless the state court Complaint was amended to include Goldstein and Integro along with the claims alleged in the federal court Complaint. (Pl. Br. 34-35.) As previously discussed, in light of the state court's recent granting of Integro's motion to intervene, the parties and issues involved in the state and federal proceedings are substantially similar. Although the alleged claims in the two actions are not the same, the core set of facts is identical. Importantly, as Defendants point out, abstention would avoid inconsistent rulings and piecemeal litigation, especially as it relates to preliminary findings regarding the confidentiality and proprietary nature of the allegedly stolen information. (See Defs. Br. 28.) Accordingly, the third factor weighs in favor of abstention.

Next, Defendants argue that the fourth factor favors abstention because the state court action was filed first and is further along than the instant action. (Id.) Plaintiff contends that this factor is neutral because this Court was first to obtain jurisdiction over the parties and claims in this case. (Pl. Opp. 35.) As the Supreme Court has guided, analysis of the fourth factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 3. Here, the state court action was filed in November 2012 and the federal action was filed in October 2013. However, more importantly, the record reflects that substantial progress has been made in the state court action including consideration of a Temporary Restraining Order, denial of a transfer from the Chancery Division to the Law Division, and discovery. In relation, the instant matter is in its infancy. While the relative progress of the actions is not exceptional, it is

undeniable that the state court action is much further along. Accordingly, this Court finds that the fourth factor weighs in favor of abstention.

Finally, Defendants argue that the fifth and sixth factors weigh in favor of abstention because the state court could properly and efficiently adjudicate all of Plaintiff's claims, federal and state. (Defs. Br. 28-29.) Defendants contend that most of Plaintiff's claims are based in state law and the federal RICO claim is essentially identical to the state RICO claim. (Id.) Plaintiff argues that a federal court would be better suited to decide this matter where there are emerging issues of federal law, particularly with respect to the CFAA. (Pl. Opp. 36.) This Court finds that the state court can appropriately adjudicate all of the claims at issue while protecting the interests of Plaintiff. While Plaintiff would be required to amend the state court Complaint to raise its federal claims, the state court can properly address all the issues involved. Accordingly, in balancing the various factors under the Colorado River doctrine, abstention is warranted in this case.

## II. Motion to Dismiss

Defendants' Motion to Dismiss is moot in light of this Court's granting of the Motion for Abstention. Thus, it is denied.

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Abstention is **GRANTED**. Defendants' Motions to Dismiss are **DENIED** as moot.

s/ Susan D. Wigenton

**Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.